**IN THE UNITED STATES BANKRUPTCY**
**COURT WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **SELENA D. CASH** | § | **Case No. 18-11043-TMD** |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**OBJECTION TO MOTION TO QUASH THE RULE 2004**
**EXAMINATION OF ANTHONY L. SHERIDAN**

COMES NOW Selena D. Cash (the "Debtor"), by and through Arletha Cash as "Next Friend" to the Debtor, and files this Objection to Motion to Quash the Rule 2004 Examination of Anthony L. Sheridan. In support thereof, the Debtor respectfully states as follows:

1.      Since mid-February of 2019, the undersigned counsel for the Debtor has attempted to cooperatively schedule an examination of Anthony L. Sheridan ("Sheridan") on a mutually agreeable date. Mr. Sheridan has relevant information on matters which affect the administration of the Debtor's bankruptcy estate, including information and documents regarding an asset of the bankruptcy estate, 4709 Incorporated d/b/a Midtown Live.

2.      On February 28, 2019, after efforts to make contact with Sheridan were unsuccessful, attorney James Minerve informed counsel for the Debtor that contact with Sheridan should be made through attorney Darwin McKee ("McKee"). Notably, McKee previously represented the Debtor in filing this bankruptcy case.

3.      On February 28, 2019, the undersigned contacted McKee to discuss scheduling an examination of Sheridan. McKee stated that he would speak with Sheridan and communicate further. Attached hereto as Exhibit "A" are the communications between the undersigned and McKee. As reflected by the communications within Exhibit "A," ultimately, when McKee failed to respond and provide dates, a subpoena was issued on March 21, 2019, and an examination was unilaterally

scheduled to occur eighteen (18) days later on Monday, April 8, 2019 – a date selected by the undersigned. On Friday, April 5, 2019, on the last business day before the scheduled examination, McKee left the undersigned a message stating that McKee could not appear.

4.     The Motion to Quash should be denied. Sheridan has relevant information discoverable pursuant to Fed. R. Bankr. P. 2004. Sheridan has been served with a subpoena by agreement through McKee. As reflected by the communications within Exhibit "A," Sheridan and McKee declined all efforts to schedule the examination cooperatively. Sheridan failed and refused to appear at the examination scheduled for April 8, 2019. The Debtor has incurred fees and costs including: (1) court reporter fees for the examination scheduled for April 8, 2019; and (2) the fees and expenses in objecting to the Motion to Quash.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Bankruptcy Court deny the Motion to Quash, Order Anthony L. Sheridan to appear and be examined pursuant to Fed. R. Bankr. P. 2004, and grant her such other and further relief to which she may be entitled.

Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512) 627-3512
Email:  kell.mercer@mercer-law-pc.com

By:  /s/ Kell C. Mercer
     Kell C. Mercer
     State Bar No. 24007668

COUNSEL FOR SELENA D. CASH

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2019, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF notification system on all parties requesting notice and upon the following:

Selena D. Cash
7602 Brookhollow Cove
Austin, Texas 78752

John Patrick Lowe
2402 East Main Street
Uvalde, Texas 78801
Via Email: pat.lowe.law@gmail.com

Deborah A. Bynum
Office of the United States Trustee
903 San Jacinto, Room 230
Austin, Texas 78701
Via Email: deborah.a.bynum@usdoj.gov

Darwin McKee
McKee Law Group
13276 Research Boulevard, Suite 209
Austin, TX 78750
Via Email: darwinmckee@yahoo.com


 */s/ Kell C. Mercer*
Kell C. Mercer

**EXHIBIT "A"**

**Subject:** A. Sheridan
**Date:**    Monday, March 4, 2019 at 10:23:11 AM Central Standard Time
**From:**    Kell Mercer
**To:**      Darwin McKee

Darwin,

Checking in to follow up on our call of last week.  Can you let me know if you will be representing Mr.
Sheridan in connection with a 2004 examination?

Best,

Kell Mercer
Kell C. Mercer, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512) 767-3214
kell.mercer@mercer-law-pc.com

**Subject:** Re: A. Sheridan

**Date:** Friday, March 8, 2019 at 7:06:43 AM Central Standard Time

**From:** Kell Mercer

**To:** Darwin McKee

Hi Darwin. Let me know what Anthony wants to do on this. If, we're not going to schedule by agreement, I'll need to move forward unilaterally.

Best,

Kell

Sent from my iPhone

On Mar 5, 2019, at 11:22 AM, Darwin McKee <darwinmckee@yahoo.com> wrote:

> Sorry Kell.  Got involved with 2 potential foreclosures.  Just called Anthony and left a voicemail message.  Will call you back when I have talked to him.
>
> Darwin McKee
> (512) 637-1476 Office
> (512) 773-8780 Cell
>
> On Monday, March 4, 2019, 10:23:13 AM CST, Kell Mercer <kell.mercer@mercer-law-pc.com> wrote:
>
>
> Darwin,
>
>
> Checking in to follow up on our call of last week.  Can you let me know if you will be representing Mr. Sheridan in connection with a 2004 examination?
>
>
> Best,
>
>
> Kell Mercer
>
> Kell C. Mercer, P.C.
>
> 1602 E. Cesar Chavez Street
>
> Austin, Texas 78702
>
> (512) 767-3214
>
> kell.mercer@mercer-law-pc.com

**Subject:** Anthony Sheridan

**Date:** Friday, March 8, 2019 at 1:38:48 PM Central Standard Time

**From:** Kell Mercer

**To:** Darwin McKee

**Attachments:** 2004 Examination AS.doc

Darwin,

Just listened to your VM. I think the best way to fill you in on what we're looking for is to send you the examination notice that I had been attempting to serve on Mr. Sheridan. This shows the information we're looking for. My questions would be along the same lines.  This is a draft and I'm not trying to serve AS by emailing this to you. This is just to be responsive to the question you posed in your vm.  After you review, let's discuss.


Best,

Kell Mercer
Kell C. Mercer, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512) 767-3214
kell.mercer@mercer-law-pc.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **Selena D. Cash,** | § | **Case No. 18-11043-TMD** |
| | § | **Chapter 7** |
| Debtor. | § | |

**NOTICE OF EXAMINATION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

To:   **Anthony L. Sheridan, Individually and on
      behalf of: (a) MoneyFund, Inc.;
      (b) Audit Guard Inc.; and
      (c) CCS Asset Management Inc.
      13276 North Highway 183 #208
      Austin, Texas 78750**

| | |
|---|---|
| **EXAMINEE:** | Anthony L. Sheridan ("A. Sheridan") |
| **DATE AND TIME OF DEPOSITION**: | March __, 2019, 10:00 a.m. Central Standard Time (the "Examination Date") |
| **PLACE OF EXAMINATION:** | Kell C. Mercer, PC 1602 E. Cesar Chavez Street Austin, Texas 78702 (or such other place as agreed upon in writing by the parties) |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 2004, in connection with the above styled and numbered bankruptcy case, Sheridan is to appear for examination under oath before an officer authorized to administer oaths in the State of Texas at (or such other place as agreed upon by the parties) on March __, 2019, beginning at 10:00 a.m. Central Standard Time, and continuing until the conclusion of the examination. **The deposition will be recorded by stenographic means and/or videotaped.**

The areas of inquiry will include: The acts, conduct, or property, or the liabilities and financial condition of the debtor, or to any matter which may affected the administration of the debtor's estate.

Pursuant to Federal Rule of Bankruptcy Procedure 2004(c), you required are to produce the documents and other materials identified on the attached Exhibit "A" at the time and location of the Examination.

1

Dated: March __, 2019

Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512) 627-3512
(512) 597-0767 (Fax)
Email: kell.mercer@mercer-law-pc.com


By:_____
    Kell C. Mercer
    State Bar No. 24007668

**ATTORNEY FOR SELENA D. CASH**


## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on March __, 2019, a true and correct copy of the foregoing pleading was served via email to:


_____
Kell C. Mercer

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

**"4709 Inc."** shall mean 4709 Incorporated DBA Midtown Live, a Texas for-profit corporation.

"**A. Sheridan**" shall mean Anthony Leo Sheridan.

**"Audit Guard"** shall mean Audit Guard Inc., a Texas for-profit corporation.

**"W. Sheridan"** shall mean William Sheridan.

"**LM**" shall mean LM Rivers Jr.

**"MoneyFund"** shall mean MoneyFund, Inc., a Texas for-profit corporation.

**"Property"** shall mean that certain real property located at 7408/7400 Cameron Road, Austin, Texas described as Lot 2, Re-subdivision of Lot 11, REAGAN HILL, a subdivision in Travis County, Texas, according to the map or plat thereof recorded in Volume 92, Page 65, of the Plat Records of Travis County .

"**CCS**" means CCS Asset Management Inc., a Texas for-profit corporation.

**"You or your"** shall mean CCS, A. 4709 Inc., A. Sheridan, W. Sheridan, or LM, whichever is responding to the applicable request.

"**Shares**" means the shares of stock in 4709 Inc.

**"Document"** shall mean any written or graphic matter however produced or reproduced. "Document" also includes writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:  correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs; circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures; canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts;

3

drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Document" also means and includes all original and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, phone-records, recordings or other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between Your agents, representatives or employees.

If you maintain that any of the following requests are objectionable, you should produce all requested documents that fall outside the scope of your objection, and, in your written response to the particular request, (i) explain why you believe the request is objectionable, and (ii) indicate whether there exist any responsive documents that you are not producing pursuant to your objection.

All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, facsimile notations, deletions, or any kind of marking different from the original document being produced.

Unless otherwise expressly provided in this document, the past, present or future tense shall each include the other, the masculine, feminine or neutral gender shall each include the other, and the singular and plural number shall each include the other.

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents evidencing the sale/transfer of any shares of stock in 4709 Inc. since January 1, 2014.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 2:

Please produce all documents evidencing the sale/transfer of any of the assets of 4709 Inc. since January 1, 2014.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents that you contend evidence any transfer of real or personal property from 4709 Inc. to CCS, MoneyFund, and/or Audit Guard including all financing documents such as deed(s) of trust, promissory note(s), loan agreement(s), and all attachments and exhibits thereto.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents constituting communications with third parties (other than your attorney/s) from December 1, 2014 until the present day concerning the following:

    (1) 4709 Inc.;
    (2) the transfer of any shares of 4709 Inc.;
    (3) the transfer of any assets of 4709 Inc.;
    (4) the transfer of the Property;
    (5) Midtown Live; and
    (6) Selena Cash.

This request includes all forms of communication, whether via email, text, fax, letter, or otherwise. To the extent such communications no longer exist, please identify when and how such communications were lost/deleted.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all attorney engagement letters and representation agreements relating to 4709 Inc. since January 1, 2014.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents constituting payroll records for 4709 Inc. from February 1, 2012 through December 31, 2014.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all 4709 Inc. federal and state-franchise tax returns for the years 2014-2018.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all contracts for services between A. Sheridan and 4709 Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications between 4709 Inc. and Audit Guard for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all communications between 4709 Inc. and MoneyFund for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all communications between 4709 Inc. and CCS for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all communications between A. Sheridan and Audit Guard regarding 4709 Inc for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all communications between A. Sheridan and MoneyFund regarding 4709 Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all communications between A. Sheridan and CCS regarding 4709 Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all communications between A. Sheridan and Audit Guard regarding Selena D. Cash for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all communications between A. Sheridan and MoneyFund regarding Selena D. Cash for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all communications between A. Sheridan and CCS regarding Selena D. Cash for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all year-end balance sheets for 4709 Inc. for the years 2014-2018.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 19:**

Please produce a copy of all declarations of trust involving LM as a trustee.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all contracts for services between A. Sheridan and MoneyFund for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all contracts for services between A. Sheridan and Audit Guard for the years 2014-

2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all meeting minutes, organizational records, and governing documents for 4109, Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all meeting minutes, organizational records, and governing documents for Audit Guard for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents indicating or reflecting the transfer of any shares of 4709 Inc. between A. Sheridan, W. Sheridan, and LM at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents indicating or reflecting the transfer of any assets between 4709 Inc. and A. Sheridan at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all documents indicating or reflecting the transfer of any assets between 4709 Inc. and A. Sheridan at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all bank statements and canceled checks reflecting any income or payments from 4709 Inc. to A. Sheridan at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 28**:

Please produce all bank statements and canceled checks reflecting any income or payments from 4709 Inc. to W. Sheridan at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29**:

Please produce all bank statements and canceled checks reflecting any income or payments from 4709 Inc. to LM at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30**

Please produce all documents concerning any shares of stock that you own or have owned in 4709, Inc., Audit Guard, and/or MoneyFund.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31**:

Please produce all communications between A. Sheridan and Austin787 Properties, LLC for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 32**:

Please produce all communications between A. Sheridan and Jose Luis and/or Humberto Miranda for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 33**:

Please produce all 1099s that John Hoberman delivered to A. Sheridan the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 34**:

Please produce all 1099s that John Hoberman delivered to CCS for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all 1099s that John Hoberman delivered to Audit Guard for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all communications between A. Sheridan and Arletha Cash a.k.a. Mernet Cash for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all communications between A. Sheridan and John Hoberman for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all communications between CCS and John Hoberman for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all company books and records, including minutes and written consents in lieu of meetings, for 4709 Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all lease agreements, rent rolls, and communications with tenants including all attachments thereto, 7408 Cameron Road and 7400 Cameron Road, Austin, TX 78752.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all monthly liquor and alcoholic beverage reports for 4709 Inc. filed or otherwise delivered to the Texas Alcoholic Beverage Commission for the years 2014-2019, including purchase and sale reports.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 42**:

Please a true and correct copy of the dram shop liability insurance policy(ies) for 4709 Inc. for the years 2014-2019.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 43**:

Please produce copies of real estate commission agreements, checks for real estate commissions, and closing statements for the years 2015-2019.

**RESPONSE**:

**Subject:** Anthony Sheridan

**Date:** Tuesday, March 26, 2019 at 6:25:17 PM Central Daylight Time

**From:** Kell Mercer

**To:** darwinmckee@yahoo.com

Darwin,

When you did not respond after I sent the notice, I moved forward with serving Anthony again. Today I received the below comment from my process server:

> The following attempt was made on the above:
> 03/26/19 18:17 pm Attempted By: 2740 Patrick A Dennis
> 7408 Cameron RD E Austin TX 78752
> I RECEIVED A CALL FROM THE DEFENDANT AT THE NUMBER OF 325 374 1222 I
> RECEIVED A CALL AT 18:05 3/26/19 FROM ANTHONY HE SAID CONTACT HIS LAWYER AND
> HIS LAWYER HAD ALREADY RECEIVED THE PAPERWORK AND DON'T COME BACK TO MY
> PLACE OF EMPLOYMENT

I'm happy to do this the easy way, but we need to nail this date down right away.

Please let me know.

Best,

Kell


Sent from my iPhone

**Subject:** Examination
**Date:**     Wednesday, April 3, 2019 at 9:21:39 AM Central Daylight Time
**From:**    Kell Mercer
**To:**       darwinmckee@yahoo.com

Darwin,

Are we on for Monday?

Best,

Kell

(512) 767-3214 (mobile)



**Maybe: Darwin McKee** ›

Text Message
**Today** 9:07 AM

Darwin -- Kell Mercer here. Will Anthony be showing up for his examination on Monday? I had not heard from you since the subpoena was issued, so I am curious.

Tied up right now.  Will call soon.  Mr Sheridan believe information is available from Ms Cash or her daughter or daughter-in-law.



**Subject:** Re: Deposition

**Date:** Friday, April 5, 2019 at 5:52:14 PM Central Daylight Time

**From:** Kell Mercer

**To:** Darwin McKee

I represent Ms. Cash, as you know. I substituted in for you. I tried for weeks to do this consensually.  This last minute unavailability is not going to be agreeable to my client. As for documents, we do not have any of the documents I requested.

(512) 767-3214 (mobile)

On Apr 5, 2019, at 5:09 PM, Darwin McKee <darwinmckee@yahoo.com> wrote:

> I tried to text or email you to let you know that I am unavailable Monday.  I also want to discuss what documents Mrs. Cash has access to already.  Are you representing Ms. Cash? I don't want to get into a costly battle over paperwork but as of now I guess I have to file a motion to quash over the weekend.
>
> Darwin McKee
> (512) 773-8780 Cell